| | |
|---|---|
| 1 | William N. Hebert, SBN 136099 |
| | CALVO & CLARK, LLP |
| 2 | One Lombard Street |
| | San Francisco, California 94111 |
| 3 | Telephone: (415) 374-8370 |
| | Facsimile: (415) 374-8373 |
| 4 | |
| | Charles L. Babcock, Texas SBN 01479500 |
| 5 | *Pro Hac Vice Application Pending* |
| | Amanda L. Bush, Texas SBN 24042161 |
| 6 | *Pro Hac Vice Application Pending* |
| | JACKSON WALKER L.L.P. |
| 7 | 1401 McKinney, Suite 1900 |
| | Houston, Texas 77010 |
| 8 | Telephone: (713) 752-4200 |
| | Facsimile: (713) 752-4221 |
| 9 | |
| | ATTORNEYS FOR DEFENDANTS |
| 10 | MARK CUBAN AND DALLAS |
| | BASKETBALL, LTD. |

FILED 09 FEB 17 PM 2:14

E-filing

MEJ

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD ROE, RICHARD ROE, II and DON A. NELSON, Individuals, | ) ) ) | Case No. CV 09 0682 |
| Plaintiffs, | ) ) | (State Court No. RG08410275) |
| vs. | ) ) | |
| JOHN DOE, MARK CUBAN, an individual; and DALLAS BASKETBALL, LTD., a partnership, and DOES 1 through 10, | ) ) ) ) | NOTICE OF REMOVAL |
| Defendants. | ) ) | |

TO: **CLERK OF THE ABOVE-ENTITLED COURT:**

TO: **PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Mark Cuban and Dallas Basketball, Ltd. ("Defendants"), Defendants in the above-captioned action, No. RG08410275 in Superior Court in and for the County of Alameda, hereby file a Notice of Removal of said action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

---

Notice of Removal
5430206

Page 1

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants present the following facts to the Judge of the United States District Court for the Northern District of California.

## I. FACTUAL BACKGROUND

1.  A civil action bearing the above-caption was commenced in the Superior Court of California, in and for the County of Alameda, Cause No. RG08410275, on September 17, 2008, and is pending therein. A true and correct copy of the Complaint is attached to the Appendix to Notice of Removal filed contemporaneously with this Notice of Removal.

2.  On September 19, 2008 Plaintiffs filed their First Amended Complaint for Damages. A true and correct copy of the First Amended Complaint is attached to the Appendix to Notice of Removal filed contemporaneously with this Notice of Removal.

3.  The First Amended Complaint in the pending action alleges a cause of action for defamation.

4.  Defendant Dallas Basketball, Ltd. was served with a copy of the First Amended Complaint and Citation in this matter on January 16, 2009, and Defendant Mark Cuban was served with a copy of the First Amended Complaint and Citation in this matter on January 20, 2009. This Notice of Removal is therefore being filed within 30 days after service of the Complaint and Citation upon Defendants and less than one year after commencement of the action. See 28 U.S.C. §1446(b).

## II. PARTIES AND JURISDICTION

5.  Plaintiff is residing in Oakland, California and is a citizen of California.

6.  Defendant Mark Cuban is an individual residing in Dallas, Texas and is a citizen of Texas.

7.  Defendant Dallas Basketball, Ltd. is a limited partnership organized under the laws of the State of Texas and is a citizen of Texas. All of its partners reside in a state other than California and are citizens of states other than California.

8.  Defendants John Doe and Does 1 through 10, inclusive, are allegedly unknown and have been sued by Plaintiff under fictitious names.

9. Removal of this action is proper under 28 U.S.C. §§ 1332(a) and 1441(a) because diversity jurisdiction exists over this action. There is complete diversity between Plaintiff and Defendants[1] in that Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

10. Where, as here, a plaintiff seeks recovery of an unspecified amount, diversity jurisdiction exists when a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003). This burden may be met if "it is facially apparent" from the complaint that the plaintiff's claims "are likely" to exceed $75,000, exclusive of interest and costs. *Id.*

11. While Plaintiff's complaint does not specify an amount of requested damages, it is facially apparent that the damages claimed by him exceed the $75,000 jurisdictional threshold. First, the lawsuit is pled as an "unlimited civil case," for which the amount in controversy must exceed $25,000. *See* California Code of Civil Procedure § 88 ("A civil action or proceeding other than a limited civil case may be referred to as an unlimited civil case."). Further, Plaintiff prays for both general and special damages for allegedly defamatory statements made by Defendant Mark Cuban during radio interviews and to newspaper publications via the internet, which statements Plaintiff claims "intended to put Nelson into disrepute, shame, and obloquy" and which injured his reputation for honesty and integrity and damaged his trade, business and professional reputation." (Complaint at pp. 7-9). These statements, Plaintiff contends, arise out of the parties' disagreement and subsequent arbitration of Plaintiff's salary and consulting compensation totaling approximately $7 million. As is evidenced by the face of Plaintiff's Original Petition, Plaintiff's lengthy list of factual averments and subsequent harm shows that the amount in controversy is in excess of the jurisdictional requirement. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

---

[1] The citizenship of "John Doe" defendants sued under fictitious names is disregarded for purposes of diversity under 28 U.S.C. § 1441(a).

12. Plaintiff also seeks punitive damages in his Complaint. (Complaint at p. 9). In determining the amount in controversy for jurisdictional purposes, the Court must consider the amount of actual and punitive damages. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *Martinez v. Reserve Life Ins. Co.*, 879 F.2d 865 (9th Cir. 1989). Although Defendants deny that Plaintiff is entitled to punitive damages of any kind, California Civil Code § 3294 authorizes the award of such damages in appropriate cases in defamation cases. Since the amount of economic damages sought in this case exceeds the jurisdictional amount, the amount in controversy in this action exceeds the minimum amount required for diversity jurisdiction.

### III. VENUE

13. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embraces the District Court of the State of California for Alameda County, the forum in which the removed action was pending.

WHEREFORE, Defendants Mark Cuban and Dallas Basketball, Ltd. pray that the above action now pending in the Superior Court of the State of California in and for the County of Alameda be removed in its entirety to this Court for all further proceedings pursuant to 28 U.S.C. § 1141, *et seq.*

Dated: February 17, 2009

By: *William N. Hebert (by ADW)*

William N. Hebert
**CALVO & CLARK, LLP**

Charles L. Babcock
Amanda L. Bush
**JACKSON WALKER L.L.P.**

ATTORNEYS FOR DEFENDANTS
MARK CUBAN AND DALLAS
BASKETBALL, LTD.