| | |
|---|---|
| 1 | John D. O'Connor (SBN 54238) |
|   | O'CONNOR AND ASSOCIATES |
| 2 | One Embarcadero Center |
|   | Tenth Floor, Suite 1020 |
| 3 | San Francisco, California 94111 |
|   | Telephone: (415) 693-9960 |
| 4 | Facsimile: (415) 981-0222 |
| 5 | Attorneys for Plaintiffs |
|   | RICHARD ROE, RICHARD ROE II |
| 6 | and DON A. NELSON |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD ROE, RICHARD ROE II, DON A. NELSON, Individuals, | ) | Case No.: 3:09-CV-682 PJH |
| Plaintiffs, | ) ) | **MOTION TO STRIKE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'** |
| vs. | ) ) | **SPECIAL MOTION TO STRIKE COMPLAINT PURSUANT TO** |
| JOHN DOE, MARK CUBAN, an individual; and DALLAS BASKETBALL, LTD., a partnership, and DOES 1 through 10, | ) ) ) | **CALIFORNIA CODE OF CIVIL PROCEDURE ' 425.16 OR, IN THE ALTERNATIVE, FOR LEAVE FOR PLAINTIFF TO FILE SURREPLY** |
| Defendants. | ) | |
| | | Hearing Date: April 22, 2009 |
| | | Time: 9:00 a.m. |
| | | Courtroom: 5, 17th Floor |

## MOTION TO STRIKE

Plaintiff Nelson hereby objects to and moves to strike defendants' reply or, at a minimum, all evidence presented for the first time in conjunction with their reply which should have been included in their opening brief. In the alternative, should the court choose to receive the challenged evidence, plaintiff requests leave to submit his sur-reply.

In their reply to plaintiff's opposition, defendants have purported to cite, at footnote 2, numerous additional "articles concerning Nelson and Cuban's contractual dispute." None of these purported articles are attached to the brief or authenticated. All of the purported articles

1 were published before defendants filed this motion, but defendants have chosen to present this
2 purported "evidence" for the first time in reply to plaintiff's opposition to the motion.

3 Where moving parties present evidence for the first time in their reply, it is error for the court to receive that information without permitting the opposing party to address that additional material by sur-reply. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). This court is respectfully requested to strike defendants' reply or, at a minimum, all of the new evidence which defendants chose not to include in their opening brief. In the alternative, should this court receive the newly proferred evidence, plaintiff respectfully requests this court to grant him leave to file the following surreply to address defendants' evidence.

## PLAINTIFF'S SUR-REPLY OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Defendants cite numerous news articles[1] in support of their contention that (1) the parties' contract dispute was an issue of public interest; and, (2) that plaintiff sought public attention and should not be permitted to deny that he is an all purpose public figure. Both of these contentions grossly overstate the substance and effect of the articles.

If the original articles attached by defendants' as Exhibits 2 – 10 to the Declaration of Amanda L. Bush are any indication, only minor portions of each article has any bearing whatsoever on the matters at issue in this action.[2] The articles, themselves, demonstrate that plaintiff Nelson clearly avoided making any substantive comments regarding the dispute. Similarly, the articles do not appear to support any contention that <u>plaintiff</u> ever did anything to attract attention to his non-basketball activities, to influence the public on any matter of public importance, or to inject himself voluntarily into the public eye apart from his management and handling of basketball games.

---

[1] Defendants' citations are found at *Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Strike* at 3 - 4, n. 2 [Defendants' Reply.] Defendants do not attach any of the purported articles. Plaintiff additionally objects to these citations as hearsay and based upon the best evidence rule.

[2] For example, in Bush Exhibit 2, only 3 sentences in a 682 word article refer to the contract dispute. Similarly, in Bush Exhibit 3 only 2 sentences in a 540 word article mention the dispute. Presumably, defendants selected and attached the most favorable of the "over 100" articles they claim relate to the contract dispute. Defendants' Reply at 3 n. 2.

1  In short, the news articles do not establish that the private contract dispute between
2  plaintiff Nelson and defendants was a matter of public interest or a public issue sufficient to
3  trigger the procedural requirements of California Code of Civil Procedure ' 425.16 ("' 425.16").
4  In fact, the dispute clearly does **NOT** implicate any public issue as its resolution affected only the
5  immediate parties. The private arbitration of defendants' obligation to pay plaintiff Nelson the
6  deferred compensation he earned under his contract over the course of his long association with
7  the Dallas Mavericks has no impact on the contract rights of any other basketball player or coach
8  let alone any member of the general public. Compared to the amount of attention paid to team
9  issues in each article, it is also apparent that the contract dispute was merely used by the press to
10 lend some spark of controversy to the ordinary coverage. Defendants' defamatory statements
11 were not made in relation to any matter of public interest or any public issue and ' 425.16 does
12 not apply to plaintiff's claim.
13 Plaintiff respectfully requests this court to deny defendants' Special Motion to Strike.

**EVEN IF DEFENDANTS' EVIDENCE IS SUFFICIENT TO ESTABLISH THAT THE PARTIES' PRIVATE CONTRACT DISPUTE WAS A NEWSWORTHY PUBLIC ISSUE, PLAINTIFF MUST DEMONSTRATE THE PROBABILITY OF PREVAILING ON THE MERITS ONLY BY THE ORDINARY NEGLIGENCE DEFAMATION STANDARD**

17 Even if the proffered news articles demonstrate that the parties' contract dispute was a
18 "public issue" for application of ' 425.16 to this action, it does not necessarily follow that
19 Nelson is also a "public figure" under *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974) for the
20 purposes defining plaintiff's burden of proof on his defamation claim. Merely being
21 "newsworthy" does not make a person a public figure nor make a private dispute into a matter of
22 public importance. *Time, Inc. v. Firestone*, 424 U.S. 448 (1976).
23 *Time, Inc. v. Firestone, supra*, 424 U.S. 448, clearly rebuts defendants' contention that
24 their citation to numerous news articles necessarily propels plaintiff into the realm of a public
25 figure for purposes of his defamation claim. In *Firestone*, plaintiff Firestone sued Time
26 Magazine for defamation arising out of the publication of a short notice about plaintiff's divorce
27 from her wealthy husband. The divorce proceedings had been avidly followed with prurient
28 interest by the public and plaintiff had even held press conferences to specifically address

1  reporter's questions about the proceedings. Nevertheless, the Supreme Court distinguished
2  between matters which were merely newsworthy and of public interest from those which would
3  implicate the plaintiff as a public figure subject to the higher standard of proof in her defamation
4  action. The Court held that plaintiff was not a public figure under *Gertz v. Robert Welch, Inc.*,
5  418 U.S. 323 (1974) despite the widespread interest in the controversy and the active reportage of
6  the legal proceedings. Accordingly, the court held that plaintiff was only required to prove that
7  defendants' defamatory statements were negligently published and she was not required to prove
8  constitutional actual malice.

9  In this case, Nelson did even less to publicize his private contract dispute than did Mrs.
10 Firestone – he held no press conferences to specifically discuss his side of the dispute and, in fact,
11 the articles attached by defendants in support of this motion demonstrate Nelson's clear
12 reluctance to discuss the substance of the dispute in any public forum. Defendants' "evidence"
13 does nothing to either negate the private nature of the contract dispute or implicate the limited
14 scope of plaintiff's public persona. In ruling on this motion, the court is not to weigh the
15 evidence since plaintiff need only demonstrate a prima facie factual showing akin to opposing a
16 motion for summary judgment. *Taus v. Loftus*, 40 Cal.4th 683, 714 (2007). Consequently, there
17 is insufficient evidence to conclude that plaintiff voluntarily injected himself into public matters,
18 or sought to influence public opinion on a public controversy sufficient to justify finding him a
19 "public figure" for all purposes. Since this action does not relate to the limited area for which
20 plaintiff might be a public figure (Nelson's management of basketball teams and games), plaintiff
21 need not only prove that defendants' were negligent in publishing their defamatory statements
22 about plaintiff Nelson. *Time, Inc. v. Firestone*, *supra*, 424 U.S. 448. Plaintiff's evidence of
23 defendants' knowledge of that the statements were false or reckless disregard for the truth is more
24 than sufficient to support his claims and establish the probability of prevailing on his claim.

25 Plaintiff respectfully requests this court to deny defendants' Special Motion to Strike.
26 ///
27 ///
28

**REQUEST FOR LEAVE TO CONDUCT DISCOVERY**

In the event that this court determines that plaintiff is obligated to demonstrate defendants' "actual malice" and has failed to sustain his burden of proof, plaintiff seeks leave of court to conduct discovery relating to that issue prior to this court's final decision on defendants' motion.

' 425.16 permits a defendant to bring a Special Motion to Strike within 60 days of service of summons and complaint. At this very early stage of the litigation, Section 425.16(g) stays all proceedings including discovery unless leave is granted upon a showing of good cause. The Ninth Circuit has rejected this limitation on plaintiff's discovery rights as inconsistent with the Federal Rules of Civil Procedure and has held that an opposing plaintiff should be permitted the opportunity to conduct discovery. *Metabolife International, Inc. v. Wornick*, 264 F.3d 832, 845 - 846 (9th Cir. 2001)

Accordingly, plaintiff Nelson requests leave to conduct discovery relating to the issues should the court preliminarily find that his evidence is insufficient to support his claims.

**CONCLUSION**

In summation, this court should reject and strike defendants' proffer of supplemental "evidence" which they should have included in their opening brief on this motion. Even if this court receives defendants' questionable "evidence," it is insufficient to overcome plaintiff's evidentiary showing that "there is a probability that plaintiff will prevail on the claim" within the meaning of California Code of Civil Procedure ' 425.16(b)(1). For the foregoing reasons, plaintiff Nelson respectfully requests this court to deny defendants' Special Motion to Strike or, in the alternative, to defer its decision and grant plaintiff leave to conduct additional discovery prior to the final determination of this motion on the merits.

Dated: April 15, 2009

O'CONNOR & ASSOCIATES

By_____
John D. O'Connor
Attorneys for Plaintiffs
RICHARD ROE, RICHARD ROE II, AND
DON A. NELSON